IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| DAVID JON BUCHANAN, ) | |
| ) | Bk. No. 04-12419-JKF (CLOSED) |
| Debtor. ) | |
| ) | |
| DAVID JON BUCHANAN, ) | |
| ) | |
| Appellant, ) | |
| v. ) | Civ. No. 11-1227-SLR |
| ) | |
| TRUSTEE MICHAEL B. JOSEPH, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this 4th day of January, 2012, having considered appellant/debtor's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the motion (D.I. 1) is **denied**, for the reasons that follow:

1. **Background.** Appellant/debtor David Jon Buchanan (appellant/debtor) is an inmate at the Sussex Correctional Institution, Georgetown, Delaware. On December 13, 2011, he filed a notice of appeal of an order entered on November 4, 2011 in the United States Bankruptcy Court for the District of Delaware in Bk. No. 04-12419-JKF. (D.I. 2) The order struck motions filed by appellant/debtor. It required the clerk to reject all future filings in the case and to notify appellant/debtor of impending sanctions for contempt should appellant/debtor continue to violate a September 1, 2011 order. The September 1, 2011 order "provided *inter alia*, that David J. Buchanan was 'permanently enjoined from filing any further documents in this case inasmuch as the case was

dismissed with prejudice over five years ago and the dismissal was affirmed on appeal.'" (*Id.*)

2. Concurrent with filing the notice of appeal, appellant/debtor filed a motion for permission to appeal in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1) United States Bankruptcy Judge Judith K. Fitzgerald ("Judge Fitzgerald") considered the motion but did not rule on it because it is unclear whether a bankruptcy court is "a court of the United States" with authority to grant or deny § 1915 motions. (D.I. 3) Instead Judge Fitzgerald entered an "Order in Nature of Report and Recommendation to District Court" finding that

> any appeal must be viewed as frivolous and malicious. Debtor raises the same issues he has brought before this court and the Delaware state courts numerous times before. Debtor acknowledges his repetitious filings in his letter dated November 7, 2011. The barrage of filings in this court has continued, virtually unabated since this case was filed in 2004 and since it was dismissed in 2007, despite the dismissal and despite the dismissal of Debtor's six bankruptcy petitions.

D.I. 3 (internal citation omitted). Judge Fitzgerald certified that, in the bankruptcy court's view, the "appeal is frivolous at best and malicious at worst." (*Id.*) She recommended denial of the motion.

3. **Standard of review.** "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit shall state the nature of the action, defense or

2

appeal and affiant's belief that the person is entitled to redress. *Id.* An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438 (1962). The court looks to two factors in determining whether an application may proceed in forma pauperis: (1) the inability to pay, and (2) a showing that the proposed appeal is not frivolous or malicious. *In re Heghmann*, 324 B.R. 415 (1st Cir. 2005).

4. **Discussion**. With regard to the first factor, it is evident that appellant/debtor, an incarcerated individual, is indigent. As to the second factor, the bankruptcy court has certified in writing that the appellant/debtor's appeal is frivolous and malicious. Due to her extensive familiarity with this matter, Judge Fitzgerald is well suited to determine whether the appeal has been brought in good faith. *See Hobby v. Beneficial Mortg. Co. of Virginia, Inc.*, 2005 WL 5409003, at * 3 (E.D. Va. June 3, 2005), *aff'd*, 182 F. App'x 238 (4th Cir. 2006) (not published). The court has reviewed the record in this case taking particular note that: (1) appellant/debtor was permanently enjoined from filing further documents in this bankruptcy matter; (2) the bankruptcy matter was dismissed with prejudice over five years ago; and (3) the bankruptcy dismissal was affirmed on appeal. The court agrees with the bankruptcy court's certification that this appeal is frivolous and malicious. Accordingly, the court adopts the recommendation to deny the motion to proceed in forma pauperis and agrees that the appeal is not taken in good faith.

5. **Conclusion**. For the above reasons, appellant/debtor's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is **denied**. (D.I. 1) Appellant/debtor shall pay the required filing fee within thirty (30) days from the date of this order. Failure to timely pay the filing fee shall result in dismissal of the appeal.

_____
UNITED STATES DISTRICT JUDGE