IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| DAVID BUCHANAN, ) | Chapter 13 |
| ) | |
| Debtor. ) | Case No. 04-12419-JKF |
| ) | |
| ) | |
| DAVID J. BUCHANAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 11-1227-SLR |
| ) | |
| TRUSTEE MICHAEL B. JOSEPH, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this ١५ day of October, 2012, having reviewed the appeal taken by pro se appellant David J. Buchanan from an order dismissing his case under Chapter 13 of the Bankruptcy Code;

IT IS ORDERED that said appeal is dismissed and the matter remanded for further proceedings consistent with this order, for the reasons that follow:

1. **Background.** Appellant David J. Buchanan[1] filed a pro se voluntary petition under Chapter 13 of the Bankruptcy Code on August 24, 2004 in the United States Bankruptcy Court for the District of Delaware. (B.D.[2] 1) Appellee, Michael B. Joseph, Esquire, is the standing Chapter 13 trustee. On April 14, 2005, appellant's former

---

[1]Apparently, after filing for bankruptcy, appellant was convicted and sentenced to a term of imprisonment in the Sussex Correctional Facility.
[2]References the bankruptcy court docket.

spouse, Barbara H. Richards,[3] moved to dismiss the bankruptcy action. (B.D. 57) A hearing on the motion was conducted on November 21, 2006. (B.D. 167) On December 1, 2006, the bankruptcy court dismissed the case with prejudice and barred refiling for two years. (B.D. 174)

2. Appellant appealed the order and, on September 26, 2007, this court dismissed the appeal and affirmed the bankruptcy court's dismissal order. (*In re Buchanan*, 07-34-SLR (D.I. 34)) From October 2, 2007 through September 1, 2011, appellant filed pleadings and letters requesting either reconsideration of the dismissal order, reopening of the case or relief from judgment.[4] (B.D. 204, 206, 207, 209, 213, 214, 216, 217, 218, 224, 225, 226, 227) The bankruptcy court denied these attempts with five separate orders. (D.B. 205, 208, 211, 215, 220)

3. On September 1, 2011, the bankruptcy court entered an order denying appellant's motion to reopen his Chapter 13 case and permanently enjoined him from filing any other documents with the court. (B.D. 228) In response, appellant filed additional motions requesting relief from the September 1, 2011 order. (B.D. 230, 231, 232, 233)

4. On November 4, 2011, the bankruptcy court entered an order: (1) striking

---

[3]On May 19, 2005, the bankruptcy court granted Ms. Richards' request for relief from the automatic stay to pursue matters (emanating from the dissolution of their marriage) in Family Court. (B.D. 46, 68)

[4]During this time period, appellant filed a petition under Chapter 12 of the Bankruptcy Code, which was subsequently dismissed. *In re Buchanan*, Bankr. Case No. 07-11647. About a year later, appellant filed another petition under Chapter 12, which was dismissed as well. *In re Buchanan*, Bankr. Case No. 08-13369. Appellant then filed an adversary action against Ms. Richards to avoid the transfer of his interest in a farm they owned. *Buchanan v. Richards*, Adv. Proc. No. 09-50051. The bankruptcy court denied appellant's motion for default judgment on the basis that the bankruptcy case at bar had been dismissed. (*Id.* at 4)

the motions; (2) requiring the clerk of court to reject filings in the case; and (3) notifying appellant of impending sanctions for contempt if he continued to violate the court's September 1, 2011. (B.D. 235) On November 10, 2011, appellant filed his notice of appeal of the bankruptcy court's November 4, 2011 order and requested permission to proceed in forma pauperis. (B.D. 236) On December 5, 2011, the bankruptcy court issued an "order in the form of a report and recommendation," wherein the court certified that the appeal was frivolous at best and malicious at worst and recommended denial of the appeal. (B.D. 242)

5. On January 4, 2012, this court denied appellant's request to proceed in forma pauperis. (D.I. 7) Appellant paid the filing fee on January 31, 2012. (D.I. 10) The matter is fully briefed.[5] (D.I. 8, 9, 11)

6. **Standard of Review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of

---

[5]Although the docket reflects that appellant filed an appeal in this matter on May 3, 2012, it does not appear that the appeal relates to the bankruptcy case at issue; rather, the appeal addresses the criminal prosecution that led to appellant's current incarceration. (D.I. 14, 15, 18) Nonetheless, the appeal was dismissed by the United States Court of Appeals for the Third Circuit on June 5, 2012 for failure to pay filing fees. (D.I. 20)

those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

7. **Analysis**. Bankruptcy courts possess "broad equitable power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy] Code." *Johnson v. Home State Bank*, 501 U.S. 78, 88 (1991). In seeking to enjoin appellant as a vexatious litigant from future litigation, however, the bankruptcy court was required to provide appellant with sufficient notice and an opportunity to be heard in the form of an order to show cause. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) ("If the circumstances warrant the imposition of an injunction [restricting a litigant's ability to file future law suits], the district court must give notice to the litigant to show cause why the proposed injunctive relief should not issue."); *see e.g., Smith v. Stark*, Civ. No. 11-257-SLR (D. Del. 2011).

8. The record reflects that appellant has repeatedly filed letters and pleadings replete with irrelevance and misdirection, to the point where his pleadings have become vexatious. Nonetheless, the Third Circuit has directed that certain minimum due process be provided litigants before they are deprived of their right to access the courts, to wit, notice and an opportunity to be heard. *Hill v. Carpenter*, 323 Fed. Appx. 167 (3d

Cir. 2009) (not published). Therefore, the appeal is dismissed and the matter remanded for further proceedings consistent with this order.

                                                          United States District Judge